A89A0338. BOWLES et al. v. LOVETT et al.
(379 SE2d 805)

BANKE, Presiding Judge.

The appellants sued the appellees to obtain specific performance and damages for breach of a real estate contract. The appellees coun-

terclaimed, seeking the return of an earnest money deposit and certain other damages, including attorney fees. On August 31, 1987, the trial court dismissed the appellants' claims, based on a determination that the contract upon which they had sued was unenforceable. Thereafter, on February 23, 1988, the court granted partial summary judgment to the appellees with respect to their claim for the return of the earnest money deposit. On April 7, 1988, the appellees dismissed the remaining portion of their counterclaim; and on May 31, 1988, the trial court granted a motion by the appellees for an award of attorney fees pursuant to OCGA § 9-15-14. On June 29, 1988, the appellants filed a notice of appeal to the Georgia Supreme Court. The Supreme Court transferred the case to this court, concluding that it lacked jurisdiction because there had been no timely appeal from the "final order dismissing the entire complaint, including the specific-performance claim and, by implication, the damages claim . . ." *Bowles v. Lovett*, 258 Ga. 636 (374 SE2d 202) (1988). *Held*:

1. The order of May 31, 1988, awarding attorney fees to the appellees pursuant to OCGA § 9-15-14, could not be appealed directly but was required to be preceded by an application for permission to appeal. See OCGA § 5-6-35 (a) (10); *Martin v. Outz*, 257 Ga. 211 (357 SE2d 91) (1987). Inasmuch as the orders dismissing the complaint and granting partial summary judgment to the appellees on their counterclaim became final on the same date (i.e., the date the appellees dismissed the remaining portions of their counterclaim) and inasmuch as the Supreme Court has already ruled that the appeal from the former order was untimely, it follows that the entire appeal must be dismissed for lack of jurisdiction. See OCGA § 5-6-48 (b).

2. The appellees' motion for the imposition of damages against the appellants pursuant to OCGA § 5-6-6 for filing a frivolous appeal is denied, inasmuch as that Code section does not authorize damages where the appeal is dismissed for lack of jurisdiction. See *Radford v. IPD Printing & Distrib.*, 184 Ga. App. 64 (360 SE2d 656) (1987).

*Appeal dismissed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 8, 1989.

*James F. Findlay*, for appellants.
*Jay M. Sawilowsky, Lansing B. Lee, Jr.*, for appellees.